Kie D. Hall, Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion concerning the construction of Act 446 of 1989. Specifically, you describe a situation in which a county employee was eligible for early retirement under Act 717 of 1987 but did not retire because of an incorrect benefit estimate supplied to him by the Public Employees Retirement System (PERS). This is the situation which Act 446 of 1989 was designed to correct. You then note that the employee switched jobs in 1988 and became a member of PERS as a state employee. You state that his covered employment has been continuous, and there has been no break in his service credit to date. The employee has filed his application for benefits under Act 717 of 1987, and has timely requested that the Board of Trustees approve his retirement under Act 446 of 1989. You pose the following specific question with regard to this situation:
 Can this member retire under Act 717 of 1987 as authorized by Act 446 of 1989 without terminating his employment in a position covered by PERS?
Act 717 of 1989, (A.C.A. 24-3-217 (Supp. 1987)), provides retirement incentives for persons meeting the qualifications contained therein. Specifically, it provides in subsection (a)(1):
(a) In addition to the provisions of 24-3-201(e):
 (1) A county employee who is an active member of the County Division of the Arkansas Public Employees' Retirement System on April 7, 1987, and who is vested for a full age and service annuity and who has credit in the system for three (3) consecutive actual years of service with the county immediately prior to his retirement date may choose two (2) of the retirement incentives [in this section], provided he retires during the period beginning with April 7, 1987, through January 1, 1988, inclusive; provided further, any employee who participates in this retirement incentive program is not eligible to accept further employment with the county or in which any other county is the employer.
Act 446 of 1989 was enacted in part to give persons who did not take advantage of these incentives, (because of an incorrect benefit estimate by PERS), the chance to avail themselves of the benefits at a later date than originally authorized in Act 717 of 1987. In this regard, Act 446 of 1989 provides as follows:
 SECTION 1. (a) The Public Employees Retirement System Board of Trustees is authorized to approve the retirement of an eligible member after the effective date of this act under the provisions of Act 187 or Act 717 of 1987 if the Board determines that all of the following conditions have been met:
 (1) As of January 1, 1988, the member was eligible to receive retirement benefits and retirement incentives authorized by Act 187 or Act 717 of 1987.
 (2) The eligible member thought his benefits would be less than he was actually entitled to due to an incorrect benefit estimate supplied him by the Public Employees Retirement System, provided that the correct benefit must represent an increase of at least 40% over the incorrect estimate;
 (3) Based on the incorrect benefit estimate supplied to him by the Public Employees Retirement System, the eligible member failed to apply for early retirement under the provisions of Act 187 or Act 717 of 1987.
 (4) The eligible member applies to the Public Employees Retirement system for retirement benefits and retirement incentives under Act 187 or Act 717 of 1987 prior to July 1, 1989.
Additionally, Act 446 of 1989 provides in Section 2:
 Any eligible member retiring under the provisions of Act 187 or Act 717 of 1987 pursuant to this act will be entitled to the retirement benefits and retirement incentives they would have been eligible to receive had they retired effective January 1, 1988.
Your question, phrased in light of the provisions above, is whether a member can avail himself of the provisions of Act 446 of 1989, and thereby obtain the early retirement incentives of Act 717 of 1987, without ever ceasing his employment in a position covered by PERS, that is, without retiring. It should be noted from the outset that Act 446 of 1989 does not require the Board of Trustees to approve anyone's retirement. It states that the Board "is authorized" to approve the retirement of an individual meeting the qualifications set out in the act. Additionally, the question of whether a particular prospective retirant has met the qualifications of the act is to be determined by the Board. Thus, even if the answer to your question is "yes", it may reasonably be concluded that the Board is not required to approve the retirement of this individual, for it appears that the Board has been granted some discretion in this regard.
With this in mind, I will state that it is my opinion that the answer to your question is "no". Although there is no available Arkansas interpretive case law, it is my opinion that Act 446 contemplates that individuals availing themselves of the act will retire in order to do so. This conclusion is premised on the language of Section 2 of the act which states: "[a]ny eligible member retiring under the provisions of Act 187 or 717 or 1987 pursuant to this act . . . [shall be entitled to benefits obtainable on January 1, 1988]." [Emphasis added). This language contemplates that persons taking advantage of it will retire under its provisions.
It should be noted, however, that in my opinion there is, generally, nothing to prohibit this individual, if he actually retired pursuant to Act 717 of 1987, through the provisions of Act 446 of 1989, from later accepting future employment with the state. See A.C.A. 24-3-216 (a)(1), and A.C.A. 24-3-217 (a)(1) (Supp. 1987). These provisions prohibit, respectively, future employment of a state retirant (under Act 187 of 1987) in a position in which the state is the employer, and employment of a county retirant (under Act 717 of 1987) in a position which could be considered employment with a county. It does not appear that an individual actually retiring under the provisions of Act 717 of 1987, (a county retirant) is prohibited from thereafter accepting further employment with the state. (See, however, generally, A.C.A. 24-2-406, and A.C.A. 24-3-211). This, however, is not consistent with the facts you have presented. It is my opinion that the individual must, at some point, retire to avail himself of the retirement benefits provided for in the statutes cited.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.